**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ELVIS POTES, for himself and on behalf
of others similarly situated,

        Plaintiff,                    CASE NO.:

vs.

ORIN USA, INC.,

        Defendants
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

      Plaintiff, ELVIS POTES ("Plaintiff"), for himself and on behalf of others similarly situated, files this Complaint against Defendant, ORIN USA, INC. ("ORIN") and states as follows:

**JURISDICTION**

      1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

      2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

**PARTIES**

      3.      At all times material to this action, Plaintiff was, and continues to be a resident of Broward County, Florida.

      4.      At all times material to this action, Defendant, ORIN, was, and continues

to be, a Foreign Delaware Corporation with its headquarters in Itasca, Illinois.

5. Further, at all times material hereto, Defendant, ORIN provided business consulting services on a contract or fee basis and/or provided staffing solutions to clients in the information technology, wireless telecommunications, and engineering industries throughout North America.

6. Defendant communicated with Plaintiff, a Florida resident, in Florida to establish an employment relationship with Plaintiff and induce Plaintiff to provide services as an employee of Defendant.

7. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

8. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. Defendant, was, and continues to be, an "employer" within the meaning of the FLSA.

11. At all times material to this action, Defendant, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been

moved in or produced for commerce, such as telephones, computers, power tools and office equipment.

14.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15.    This matter was initially to be administered through the American Arbitration Association ("AAA") due to an arbitration agreement between the Parties.

16.    On or about October 23, 2015, Plaintiff submitted a demand for arbitration with the required filing fee to the AAA. (See composite Exhibit "A).

17.    On or about October 29, 2015, the AAA acknowledged receipt of the demand for arbitration and outlined the administrative filing fees for both parties. According to the letter, the balance owed by Defendant was due on or before November 12, 2015. Defendant failed to respond to this letter. (See id.).

18.    On or about November 16, 2015, the AAA sent follow-up correspondence to the parties regarding the outstanding balance owed by the Defendant and provided a deadline of December 3, 2015 to remit payment. Defendant failed to respond to this letter. (See id.).

19.    On or about November 25, 2016, Plaintiff submitted an Amended Demand for Arbitration and, on November 30, 2015, the AAA sent a second follow-up letter which requested payment by Defendant on or before December 14, 2015. Defendant failed to respond to this letter. (See id.).

20.    On or about December 16, 2015, having received no response to this communication, the AAA forwarded their November 30, 2016 to Defendant's

Registered Agent in another attempt to receive payment of the required filing fee by Defendant by January 4, 2016. (See id.)

.Defendant also failed to respond to this letter. (See id.).

21. On or about January 7, 2016, the AAA sent Defendant a follow-up letter regarding their non-payment of the filing fee with a response date of January 22, 2016. (See id.),

22. Defendant failed to respond to the January 7, 2016 letter as well. (See id.).

23. On or about February 10, 2016, the AAA sent a letter to Defendant at its corporate headquarters via mail and facsimile in hopes that the Defendant would at long last comply with its obligation under its employment agreement. Defendant failed to respond to this letter. (See id.).

24. On or about March 28, 2016, the AAA sent a final letter to the Defendant, requesting its portion of the filing fee. (See id.).

25. Defendant failed to respond to this letter. (See id.).

26. On or about April 28, 2016, the AAA sent correspondence to the parties to inquire whether or not the Plaintiff was willing to pay the outstanding amount of the filing fee although Plaintiff had and has no obligation to do so. (See id.).

27. The AAA closed its file in accordance with its normal procedures in May, 2016.

28. Plaintiff worked for Defendant's client, T-Mobile, as a non-exempt, hourly paid "Field Technician" in South Carolina and performed related activities for Defendant's customers/clients from October 22, 2014 through November 28, 2014.

29. Plaintiff's job duties included, but were not limited to, working on cell phone towers and correcting 4GLTE to bring them up to specifications.

30. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

31. From October 2014 to November 2014, Defendant failed to compensate Plaintiff and other field technicians at a rate of one and one-half times each technician's regular rate for all hours worked in excess of forty (40) hours in on or more workweeks.

32. Plaintiff and other field technicians who opt-in to this action should be compensated at the rate of one and one-half times their regular rate of pay for all hours that these technicians worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

33. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

34. The additional persons who may become plaintiffs in this action are other non-exempt field technicians employed by Defendant, ORIN, who were denied proper overtime compensation for all overtime hours worked due to Defendant's illegal practices of not paying for all overtime hours worked and submitted to Defendant for payment.

35. Defendant has violated Title 29 U.S.C. §207 from at least October 2014 to November 2014, in that:

    a. Plaintiff, and those similarly situated worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant; and

    b. No payments or provisions for payment have been made by

     Defendant to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

  c. Defendant has failed to maintain proper time records as mandated by the FLSA.

36. Defendant's failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA was willful, as Defendant was aware of the hours Plaintiff worked, and paid overtime for certain hours, but refused to pay overtime for all overtime hours worked, even though they knew, or reasonably should have known, of the uncompensated overtime hours.

37. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff re-alleges paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40. From at least October 2014 to November 2014, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff, was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

42. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

43. At all times material hereto, upon information and belief, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of others similarly situated, requests conditional certification pursuant to Section 216(b) of the FLSA, of a class of technicians who were subject to the unlawful practices described herein; an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 13th day of June, 2016.

Respectfully submitted,

ANGELI MURTHY, ESQUIRE
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954-318-0268
Facsimile: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*
